IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| HOWARD LEVY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 314-072 |
| | ) |
| STACEY N. STONE, Warden, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at McRae Correctional Institution ("MCI") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. (Doc. no. 1.) Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.

I. BACKGROUND

Petitioner states he was born in Jamaica to parents who were not married. (Doc. no. 1-2, p. 2.) Petitioner's father emigrated to the United States in 1978 and became a naturalized citizen; Petitioner joined his father in the United States when he was eight years old. (Id.) The Immigration and Naturalization Service ("INS") issued Petitioner a "permanent resident visa on account of his status as the child of a naturalized citizen." (Id.) Petitioner stayed in the United States. (Id.) In 2013, Petitioner was convicted on federal charges of Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349, sentenced to twenty months imprisonment and three

years supervised release, and assigned to serve his sentence at MCI. (Doc. no. 12, Shaw Decl., ¶ 6, Attachs. 1, 2.)

Claiming derivative citizenship, that is citizenship derived from a qualifying relative, Petitioner filed an N-600, Application for Declaration of Citizenship, with the United States Citizenship and Immigration Services ("USCIS"), a division of the Department of Homeland Security ("DHS"), but that application was denied on September 17, 2013. (Doc. no. 12, Stokes Decl., ¶ 6.) Petitioner does not allege, and the evidence does not show, that Petitioner administratively appealed that denial. (Id.; see generally doc. no. 1.) On January 7, 2014, INS lodged an immigration detainer with the Bureau of Prisons ("BOP"). (Doc. no. 12, Shaw Decl., ¶ 7, Attachs. 3, 4.) The government has not initiated removal proceedings against Petitioner. (Stokes Decl., ¶ 7.)

On July 29, 2014, the Clerk of Court filed the current habeas corpus petition in which Petitioner claims that because he is a United States citizen by virtue of his father's United States citizenship, he is entitled to a transfer to a BOP facility that is not, like MCI, designated for unlawful aliens. (See generally doc. no. 1.) According to Petitioner, his unlawful placement at MCI deprives him of the right to be placed in a halfway house prior to his current release date from prison of December 17, 2014, and deprives him of eligibility for "many rehabilitative reentry programs" offered by the BOP. (Id. at 3.)

II. DISCUSSION

Federal courts have jurisdiction to determine the merits of a prisoner's claim for derivative citizenship in two procedural contexts only, neither of which applies here. Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). In the first context, a District Court has jurisdiction over a prisoner's claim for a declaratory judgment of derivative citizenship so long as the

prisoner has (1) filed an application for a certificate of citizenship with the appropriate division of DHS and received a denial of that application, and (2) appealed the denial with the Administrative Appeals Unit and lost the appeal. See 8 U.S.C. § 1503(a); Retuya v. Sec'y, Dep't of Homeland Sec., 412 F. App'x 185, 187-89 (11th Cir. 2010) (ruling on complaint for declaratory judgment under § 1503(a) and 28 U.S.C. § 2201 after denial of administrative application for certificate of citizenship); Parsard v. United States, Civ. Action No. 513-103, 2014 WL 1247805, at *2 (S.D. Ga. Mar. 25, 2014) (describing procedures for raising derivative citizenship claims in federal court); see also 8 C.F.R. §§ 341.1, 322.5(b), 103.3(a). Here, Petitioner filed an N-600, Application for Declaration of Citizenship with USCIS that was denied on September 17, 2013, but there is nothing in the record establishing Petitioner administratively appealed that denial and received a ruling on the appeal. (Doc. no. 1; Stokes Decl., ¶ 6.)

In the second context, a Court of Appeals may review the denial of a derivative citizenship claim asserted in a prisoner's removal proceeding. Henriquez v. Ashcroft, 269 F. Supp.2d 106, 108 (E.D.N.Y. 2003); Parsard, 2014 WL 1247805, at *2. Review is properly sought "before the appropriate court of appeals, not a district court." Henriquez, 269 F. Supp. 2d at 108 (citing 8 U.S.C. § 1252(b)(5)). Here, the government has not initiated removal proceedings against Petitioner. (Stokes Decl., ¶ 7.)

Because Petitioner seeks a determination of citizenship outside the two contexts described above, and he has not exhausted all available administrative remedies, the Court has no jurisdiction to review Petitioner's citizenship claim by way of a § 2241 habeas petition and the instant petition should be dismissed. See Sundar, 328 F.3d at 1323; 8 U.S.C. §§ 1503 & 1252(b)-(d).

Petitioner also alleges that his improper designation as an "Alien" unlawfully deprives him of rehabilitative programs offered exclusively through BOP facilities. (See generally doc. no. 1-2, pp. 5-7.) To the extent Petitioner makes this assertion as a backdoor attempt to have this Court determine his derivative citizenship claim, it is invalid because the Court has no jurisdiction over this claim as explained above. Nor can he challenge the conditions of his confinement in a privately run facility in this habeas case "because the sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979), revised by 596 F.2d 658 (5th Cir. 1979).[1]

As the presiding District Judge in this case long ago settled in Fellove v. Wells, CV 310-058, 2010 WL 4928869, at *1 (S.D. Ga. Nov. 30, 2010), another § 2241 case filed by a prisoner incarcerated at MCI who wanted to participate in BOP programs:

> [P]risoners do not possess a liberty interest in early release, rehabilitative programs, or the place of their confinement. See McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano. 427 U.S. 215, 225 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998). Nor do prisoners have a liberty interest in their security classification. Moody, 429 U.S. at 88 n.9. Furthermore, courts have held that a prisoner's equal protection rights are not violated when he is excluded from rehabilitative programs because of the imposition of a public safety factor or the existence of a detainer lodged against him by the Bureau of Immigration and Customs Enforcement ("BICE"). See, e.g., McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) (holding exclusion of prisoners with detainers from community-based treatment insufficient to establish equal protection violation).

Thus, Petitioner's claims concerning an improper "Alien" designation, whether viewed as another attempt to have the Court rule on his derivative citizenship claim or as a challenge to his conditions of confinement, do not state cognizable grounds for relief in this § 2241 proceeding.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this petition be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of December, 2014, at Augusta, Georgia.

```
                                    _____
                                    BRIAN K. EPPS
                                    UNITED STATES MAGISTRATE JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA
```