ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JAN 13 PM 3:25
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| HOWARD LEVY, | ) |
| Petitioner, | ) ) ) |
| v. | ) CV 314-072 |
| STACEY N. STONE, Warden, | ) ) ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 16). The Magistrate Judge recommended dismissal of the petition filed pursuant to 28 U.S.C. § 2241 because (1) the Court does not have jurisdiction to determine the merits of Petitioner's derivative citizenship claim, and (2) Petitioner's challenge to the conditions of his confinement which result from his "Alien" designation does not present a proper basis for relief under § 2241. (See doc. no. 13.) Petitioner's objections attack the recommendation on multiple fronts, none of which have merit.

First, the Magistrate Judge explained that federal courts can determine the merits of a derivative citizenship claim in only two procedural contexts, neither of which applies here: (1) after an application for a certificate of citizenship has been filed with, and denied by, the appropriate division of the Department of Homeland Security, and the petitioner files and loses an appeal with the Administrative Appeals Unit, and (2) after the denial of a derivative citizenship claim asserted in a petitioner's removal proceeding. (Doc. no. 8, pp. 2-3.) Petitioner

does not refute that he failed to exhaust his appeal remedies with respect to his rejected N-600 Application for Declaration of Citizenship. Instead, he relies on inapposite dicta from a civil case seeking monetary damages to suggest that he has acquired derivative citizenship by operation of law premised on a now-repealed statute, presumably suggesting that he did not have to pursue an appeal of his N-600 Application to its administrative end. (Doc. no. 16, pp. 3-4 (citing Belleri v. United States, 712 F.3d 543, 545 (11th Cir. 2013).) The argument is without merit, as there is nothing to suggest that Petitioner should be excused from appealing the denial of his N-600 Application.

Petitioner also argues that because he exhausted his administrative remedies at McRae Correctional Facility with respect to his request concerning his inmate classification as an Alien and concomitant request to be transferred to a Bureau of Prisons ("BOP") facility, (doc. no. 12-1, Shaw Dec., ¶ 14), the Magistrate Judge erroneously concluded he had not exhausted his remedies. The Magistrate Judge addressed exhaustion in the context of discussing Petitioner's failure to appeal the denial of the N-600 Application, not Petitioner's argument that his Alien designation unlawfully deprives him of rehabilitative programs offered exclusively through BOP facilities. As to the Alien designation argument, the Magistrate Judge correctly determined the argument was a challenge to the conditions of his confinement, which provides no valid basis for relief under § 2241. (Doc. no. 8, p. 4). Notwithstanding Petitioner's citation to non-binding case law from the District of Colorado and the Second Circuit, the Eleventh Circuit has approved of this Court's reasoning explained by the Magistrate Judge that prisoners do not have a liberty interest in rehabilitative programs or their security classification, and thus § 2241 relief is not available on such claims. See, e.g., Fellove v. Wells, CV 310-058, 2010 WL 4928869 (S.D. Ga.

Nov. 30, 2010), request to appeal *in forma pauperis* denied as frivolous, No. 10-15957 (11th Cir. May 9, 2011) and Alvarez v. Wells, CV 312-103, 2013 WL 326214 (S.D. Ga. Jan. 28, 2013), request to appeal *in forma pauperis* denied as frivolous, No. 13-10597 (11th Cir. June 27, 2013).

Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DISMISSES** this petition and **CLOSES** this civil action.

SO ORDERED this 13th day of January, 2015, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE